UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4730

WILLIAM MANNS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-98-6)

Submitted: July 13, 1999

Decided: September 14, 1999

Before NIEMEYER and WILLIAMS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jay T. McCamic, McCAMIC & McCAMIC, Wheeling, West Vir-
ginia, for Appellant. David E. Godwin, United States Attorney, Sam
G. Nazzaro, Assistant United States Attorney, Sharon L. Potter,
Assistant United States Attorney, Wheeling, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Manns appeals his sentence of 235 months in prison for his conviction of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994). We affirm.

I.

On April 7, 1998, a federal grand jury indicted Manns and Robert Ervin. Both were charged with conspiracy to possess with intent to distribute crack cocaine, and Ervin was named in ten related substantive counts. A month later, Manns entered into a written plea agreement with the United States in which he agreed to plead guilty to the conspiracy count and to cooperate with the government. The government agreed to recommend that Manns receive a reduction for his minor role in the offense and that he be sentenced at the low end of the applicable guidelines range. Moreover, the government promised to support a reduction for timely acceptance of responsibility if the reduction were recommended by the probation officer.

Manns' interview with the probation officer did not go well. Under questioning, he denied that he had any intervening convictions since his 1995 release from prison except a minor traffic offense. This information was incorrect; Manns had in fact been charged with and pled guilty to drug trafficking in Ohio state court in 1996. In the presentence report, the probation officer recommended that Manns' incorrect answer be deemed an obstruction of justice and that he be denied a reduction for acceptance of responsibility. Manns objected to the recommendation.

At sentencing, the parties agreed, and the district court found, that all issues but one were moot. Because of Manns' history of drug trafficking, he qualified as a "career offender," which made his criminal

history category VI and his base offense level 34, both of which exceeded what the probation officer had calculated in the absence of career offender status (category IV and offense level 30). The only issue remaining was whether Manns should receive a reduction for acceptance of responsibility. See U.S.S.G.§ 4B1.1 (directing that the base offense level for a career offender be the higher of that listed in the section's table or the level "otherwise applicable," but permitting adjustments for acceptance of responsibility).

The district court heard evidence on the issue and found that although Manns had obstructed justice, he had shown that his false statements were more likely than not the result of confusion or mistake. Accordingly, because such false statements do not call for the application of the U.S.S.G. § 3C1.1 enhancement, see id., comment. (n.2), they would likewise impose no barrier to the acceptance of responsibility reduction. See U.S.S.G. § 3E1.1, comment. (n.4). Inasmuch as the government supported the reduction, the court reduced Manns' offense level to 31. In doing so, however, the court emphasized that the issue was close and Manns' case was an unusual one.

> This Court might suspect that some might interpret this ruling as meaning in cases such as this or perhaps similar to this one, all that a Defendant need to do is to provide the Court with evidence, expert or otherwise, that somehow explain[s] away what is otherwise a clear misstatement to a probation officer or other investigator to throw the officer off the track. It would be a mistake to make such a conclusion.

(J.A. at 185-86).

The resulting guidelines range was 188-235 months. The court sentenced Manns at the top of the range. The court explained:

> The Defendant is a career offender. The prior criminal history demonstrates to this Court inability and unwillingness to conform to the laws of society towards felony controlled substance offenses. I think that the sentence at the higher end of the guideline range is necessary to protect society,

3

and in this instance will reflect the seriousness of these crimes.

(J.A. at 190-91).

Manns appeals.

II.

A.

Manns argues that the district court's decision to sentence him at the top of the guideline range, rather than at the bottom as recommended by the government, was motivated by vindictiveness over his objections to the presentence report. See North Carolina v. Pearce, 395 U.S. 711 (1969). In Pearce, the Supreme Court recognized a due process right to a sentencing free of vindictiveness for the successful exercise of the right to appeal. See 395 U.S. at 723-25. The Court further announced, as a prophylactic rule, a presumption that an increased sentence imposed after a new trial is the result of vindictiveness. Id. at 726.

B.

At the threshold, the government asserts that we lack jurisdiction to review a sentence that is imposed anywhere within the lawful guidelines range. See United States v. Porter , 909 F.2d 789, 794-95 (4th Cir. 1990).

The government overstates the holding of Porter . We do lack the power to review the ordinary exercise of the district court's discretion to sentence anywhere within the proper range. On the other hand, the Constitution is an ultimate check on every action of every court. Hence, if a defendant alleges that the district court had an unconstitutional motive for choosing a particular sentence, then we have the power to correct the "error of law" under 18 U.S.C. § 3742(a)(1). See United States v. Holmes, 60 F.3d 1134, 1137 (4th Cir. 1995). While Holmes dealt with an alleged equal protection violation--a sentence taking the defendant's race into account--the right to a non-vindictive

4

sentence is protected by the Due Process Clause. <u>See Texas v. McCullough</u>, 475 U.S. 134, 137-38 (1986). The principle is the same whatever constitutional clause is invoked: an appellate court possesses jurisdiction to review allegations of unconstitutional motives behind a sentence.

III.

That we possess a power to disturb sentences within the proper guidelines range does not imply that the occasions for its exercise will be frequent. In cases like this one, where the facts differ from those creating the presumption in <u>Pearce</u>, the defendant must at least show circumstances creating a "reasonable likelihood" of vindictiveness in order to invoke the presumption. Failing that, the defendant must carry the burden of proving actual vindictiveness. <u>See Alabama v. Smith</u>, 490 U.S. 794, 799-800 (1989).* Finally, even if the Pearce or "reasonable likelihood" presumption applies, the sentence should be affirmed if "`the reasons for [the chosen sentence] affirmatively appear.'" <u>Id.</u> at 798 (quoting <u>Pearce</u> , 395 U.S. at 726).

The record in this appeal leaves no uncertainty that Manns can surmount none of these hurdles. There is simply nothing here from which one could infer any ill motive on the part of the district judge. On the contrary, "[h]ere, the . . . sentencer provide[d] an on-the-record, wholly logical, nonvindictive reason for the sentence. We read <u>Pearce</u> to require no more, particularly since trial judges must be accorded broad discretion in sentencing[.]" <u>McCullough</u>, 475 U.S. at 140. These observations fit this case perfectly. The judgment of the district court is affirmed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
_____
*<u>Smith</u> overruled <u>Pearce</u>'s companion case, <u>Simpson v. Rice</u>, which is reported along with <u>Pearce</u> at 395 U.S. 711 (1969). <u>Simpson</u> applied the same prophylactic presumption as <u>Pearce</u> even though the defendant's first conviction had been by guilty plea. In <u>Smith</u>, the court reasoned that no likelihood of vindictiveness arises where a first conviction rests on a guilty plea and the second on a jury verdict. <u>Smith</u>, 490 U.S. at 802-03.